**Nos. 16-70496, 16-70497**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

ALTERA CORPORATION & SUBSIDIARIES,

*Petitioner-Appellee*,

v.

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellant*.

---

On Appeal from the United States Tax Court

---

# BRIEF OF XILINX, INC. AMICUS CURIAE IN SUPPORT OF ALTERA CORPORATION'S PETITION FOR EN BANC REHEARING

---

Larissa B. Neumann
lneumann@fenwick.com
Adam R. Gahtan
agahtan@fenwick.com
Michael D. Knobler
mknobler@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:   650.988.8520

*Counsel for the Amicus Curiae*

## CORPORATE DISCLOSURE STATEMENT

In accordance with Federal Rules of Appellate Procedure 26.1 and 29(c), Xilinx, Inc. hereby states that it has no parent corporation and there is no publicly held corporation that owns 10% or more of its stock.

# TABLE OF CONTENTS

**Page**


CORPORATE DISCLOSURE STATEMENT ....................................................... i

TABLE OF CONTENTS ........................................................................... ii

TABLE OF AUTHORITIES ...................................................................... iii

INTEREST OF THE AMICUS CURIAE ............................................................. 1

SUMMARY OF THE ARGUMENT .................................................................. 2

ARGUMENT .......................................................................................... 3

I. *STARE DECISIS* MANDATES THAT THIS COURT'S RULING IN *XILINX* CONTROL THE RESOLUTION OF *ALTERA*. .............................. 3

II. THE *XILINX* PANEL CONSIDERED AND REJECTED COMMENSURATE-WITH-INCOME ARGUMENTS. .............................. 5

III. THE AMENDED COST-SHARING REGULATION AT ISSUE IN *ALTERA* CONTAINS THE SAME FUNDAMENTAL FLAW AS THE UNAMENDED COST-SHARING REGULATION AT ISSUE IN *XILINX*. .............................................................................. 6

IV. THE LAW SET FORTH IN *XILINX* APPLIES DESPITE THE DIFFERENCE IN THE ULTIMATE ISSUE BEING RESOLVED. ............ 8

V. THE 2003 COST-SHARING REGULATIONS CONFLICT WITH THE PURPOSE OF SECTION 482, AS CONSTRUED IN *XILINX*, AND THEREFORE MUST BE INVALIDATED. ........................................ 9

CONCLUSION ....................................................................................... 10

CERTIFICATE OF COMPLIANCE .............................................................. 11

CERTIFICATE OF SERVICE ..................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*County of Allegheny v. Am. Civil Liberties Union, Greater Pittsburgh Chapter*,
492 U.S. 573 (1989)....................................................................................3

*Judulang v. Holder*,
565 U.S. 42 (2011)......................................................................................9

*Miller v. Gammie*,
335 F.3d 889 (9th Cir. 2003) .......................................................................8

*Miranda B. v. Kitzhaber*,
328 F.3d 1181 (9th Cir. 2003) ..................................................2, 4, 5, 8

*Motor Vehicle Mfrs. Assn. of the U.S., Inc. v. State Farm Mutual Automobile Ins. Co.*,
463 U.S. 29 (1983)......................................................................................6

*Seminole Tribe of Fla. v. Florida*,
517 U.S. 44 (1996)......................................................................................3

*United States v. Johnson*,
256 F.3d 895 (9th Cir. 2001) ...................................................................4, 5

*Xilinx Inc. v. Commissioner*,
598 F.3d 1191 (9th Cir. 2010) ..........................................................*passim*

**STATUTES AND RULES**

5 U.S.C. § 706(2)(A)....................................................................................9

Fed. R. App. P. 35(a)(2)................................................................................3

**OTHER AUTHORITIES**

H.R. Rep. No. 99-841, pt. II (1986)..............................................................5

Treas. Reg. § 1.482-1 (2003) ....................................................................3, 7

Treas. Reg. § 1.482-1 (1994) ....................................................................2, 3

Treas. Reg. § 1.482-1(b)(1) (1994)..................................................................4

Treas. Reg. § 1.482-1(b)(2)(i) (2003) .......................................................... 7

Treas. Reg. § 1.482-7 (2003) .......................................................... 3, 7

Treas. Reg. § 1.482-7(a)(3) (2003) .......................................................... 7

Treas. Reg. § 1.482-7(d)(1) (1995) .......................................................... 4

Treasury Decision 9088, 68 Fed. Reg. 51,171, 51,172 (2003) .......................................................... 7

## INTEREST OF THE AMICUS CURIAE

The Amicus Curiae is Xilinx, Inc., the world's leading provider of programmable logic devices.[1] Xilinx was founded in 1983 and is headquartered in San Jose, California.

The opinion of this Court's divided panel in *Altera* conflicts with this Court's opinion in *Xilinx Inc. v. Commissioner*, 598 F.3d 1191 (9th Cir. 2010). Xilinx is troubled by the uncertainty created by the conflict of this Court's decisions in *Altera* and *Xilinx* regarding the treatment of stock-based compensation ("SBC") in cost sharing arrangements. The opinion of the *Altera* panel mandates the sharing of SBC costs, a result this Court rejected in *Xilinx*. Xilinx continues to use cost sharing for global research and development, and that research and development would be substantially adversely affected if this Court does not invalidate the 2003 amended cost sharing regulation at issue in *Altera*.

The Court should rehear *Altera* en banc to reconcile the panel majority's decision with this Court's prior decision in *Xilinx*.

The parties have consented to the filing of this brief.

---

[1] Counsel for the parties have not authored this brief in whole or in part. No one other than Xilinx has contributed money that was intended to fund preparing or submitting this brief.

## SUMMARY OF THE ARGUMENT

In *Xilinx*, this Court ruled that the arm's-length standard of Treas. Reg. § 1.482-1 is violated if cost sharing is required "for costs that unrelated parties would not share" and that requiring the sharing of "costs that unrelated parties would not share" conflicts with the purpose of section 482. 598 F.3d at 1196. The panel issued this ruling after reasoned consideration of the arguments, including the Commissioner's assertion that the "commensurate with income" standard of section 482 gave the Commissioner the authority to write a regulation requiring related parties to share costs that unrelated parties do not share. The ruling of *Xilinx* became the binding law of the Circuit. *See Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1186 (9th Cir. 2003) (en banc) (per curiam).

The *Altera* panel majority nevertheless refused to follow *Xilinx*. The panel majority cited three reasons for not following *Xilinx*: differences in the regulations at issue, the ultimate question before the Court, and the administrative authority being tested. None of these reasons is sufficient for distinguishing *Xilinx* and for failing to apply the binding law of the Circuit.

First, the differences in the regulations at issue are too insubstantial to justify a different result in *Altera* than this Court reached in *Xilinx*. Although the regulations at issue in *Xilinx* were amended in 2003, the clarifying amendments did not fix the regulations' fundamental problem; the regulations still require sharing

of costs that unrelated parties do not share. Second, although the ultimate question before the Court has changed from resolving a conflict between regulations in *Xilinx* to evaluating the validity of a regulation in *Altera*, the underlying issue in both *Xilinx* and *Altera* is whether a regulation can require sharing of SBC costs even though uncontrolled parties do not do so. Finally, although *Altera* requires the Court to determine the administrative authority of the Commissioner to promulgate Treas. Reg. §§ 1.482-1 and 1.482-7 as amended in 2003, that authority is constrained by the statute, which this Court already construed in *Xilinx*.

Had the *Altera* panel majority followed the law of the Circuit, it would have reached a different result. En banc rehearing of *Altera* is necessary to maintain uniformity of this Court's decisions. *See* Fed. R. App. P. 35(a)(2).

## ARGUMENT

### I. *STARE DECISIS* MANDATES THAT THIS COURT'S RULING IN *XILINX* CONTROL THE RESOLUTION OF *ALTERA*.

The Supreme Court teaches that the precedential value of a court's decision lies "not only [in] the result but also [in] those portions of the opinion necessary to that result." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 67 (1996). Earlier, Justice Kennedy enunciated the "general rule [that] the principle of *stare decisis* directs us to adhere not only to the holdings of our prior cases, but also to their explications of the governing rules of law." *County of Allegheny v. Am. Civil Liberties Union, Greater Pittsburgh Chapter*, 492 U.S. 573, 668 (1989) (Kennedy,

J., concurring in part and dissenting in part). In this Court, Justice Kennedy's "general rule" is a binding command: "Where a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit, regardless of whether doing so is necessary in some strict logical sense." *Miranda B.*, 328 F.3d at 1186 (quoting *United States v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) (en banc)).

The law of the Circuit, as established in *Xilinx*, is that the arm's-length standard is violated if cost sharing is required "for costs that unrelated parties would not share" and that requiring the sharing of "costs that unrelated parties would not share" conflicts with the purpose of section 482. *See* 598 F.3d at 1196.

This ruling was necessary to the resolution in *Xilinx*. The question at issue in *Xilinx* was whether SBC costs were required to be shared in a cost sharing agreement. *Id.* at 1193-94. This Court began its discussion by noting that "[t]he Commissioner does not dispute the tax court's factual finding that unrelated parties would not share [such costs]." *Id.* at 1194. Treas. Reg. § 1.482-7(d)(1), as applicable to the years at issue, required the sharing of "all costs," and Treas. Reg. § 1.482-1(b)(1) required that "the standard to be applied in every case is that of a taxpayer dealing at arm's length with an uncontrolled taxpayer." Therefore, this Court had to construe the regulations to determine if there was a conflict, and, if

so, resolve that conflict. The ruling construed the arm's-length standard, determined that there was a conflict, and then resolved that conflict in favor of the arm's-length standard because it is fundamental to the purpose of section 482.

## II. THE *XILINX* PANEL CONSIDERED AND REJECTED COMMENSURATE-WITH-INCOME ARGUMENTS.

As one of its grounds for choosing not to follow *Xilinx*, the *Altera* panel majority erroneously asserts that this Court "did not consider the 'commensurate with income' standard" in *Xilinx*. *Altera*, slip op. at 48. In fact, the Commissioner made "commensurate with income" arguments in *Xilinx* and this Court rejected those arguments after the reasoned consideration required by *Miranda B* and *Johnson*.

The Commissioner's briefs in *Xilinx* argued that, based on the legislative history of the "commensurate with income" provision of section 482, evidence about uncontrolled companies' treatment of SBC is neither required nor allowed in order to obtain an arm's-length result.[2] *See* Appellant's Reply Br., at 22-25, 29, *Xilinx*, 98 F.3d 1191 (citing H.R. Rep. No. 99-841, pt. II, at 637-38 (1986) (Conf. Rep.)). The *Xilinx* panel unanimously rejected that assertion. *See* 598 F.3d at 1200 n.2 (Reinhardt, J., dissenting) (explaining that the Commissioner "advanced

---

[2] In 1986, section 482 was amended to add: "In the case of any transfer (or license) of intangible property (within the meaning of section 936(h)(3)(B)), the income with respect to such transfer or license shall be commensurate with the income attributable to the intangible."

an argument that we reject").

Furthermore, in assessing the validity of the 2003 cost-sharing regulations, the Court must focus on the arguments the Commissioner made while promulgating the regulations, not the arguments the Commissioner made later, in litigation. *See Motor Vehicle Mfrs. Assn. of the U.S., Inc. v. State Farm Mutual Automobile Ins. Co.*, 463 U.S. 29, 50 (1983) ("[C]ourts may not accept appellate counsel's post hoc rationalizations for agency action."). The commensurate-with-the-income arguments the Commissioner made to this Court in both *Xilinx* and *Altera* came only *after* the rule-making process with respect to the 2003 cost-sharing regulations, which were promulgated seven years before publication of this Court's *Xilinx* opinion. Those arguments therefore came too late to supply a reasoned basis for the regulations. *See Altera*, slip op. at 50-51 (O'Malley, J., dissenting) (explaining that the majority erred by upholding the 2003 cost-sharing regulations based on reasons the Department of the Treasury never provided when promulgating them).

## III. THE AMENDED COST-SHARING REGULATION AT ISSUE IN *ALTERA* CONTAINS THE SAME FUNDAMENTAL FLAW AS THE UNAMENDED COST-SHARING REGULATION AT ISSUE IN *XILINX*.

The 2003 amended cost-sharing regulation at issue in *Altera* and the 1995 unamended regulation at issue in *Xilinx* both mandate a result this Court rejected: the requirement that related parties share SBC costs that unrelated parties do not

share. The *Xilinx* panel held the regulation to be invalid because requiring parties to share costs conflicts with the arm's length standard, and the *Altera* panel should have followed that precedent.

Although the language of the regulation was amended in 2003, its treatment of SBC costs remained the same. In promulgating the 2003 amendment to Treas. Reg. § 1.482-7, the IRS asserted it was merely "clarifying" the treatment of SBC rather than substantively changing that treatment. Treasury Decision 9088, 68 Fed. Reg. 51,171, 51,172 (2003) (issued seven years before this Court's decision in *Xilinx*). The other "clarifications" made by the 2003 amendments were the "coordinating amendments" to Treas. Reg. §§ 1.482-1 and 1.482-7. The coordinating amendments added a sentence to Treas. Reg. § 1.482-1 stating that "Treas. Reg. § 1.482-7 provides the specific methods used to evaluate whether a cost sharing arrangement as defined in § 1.482-7 produces results consistent with an arm's length result." Treas. Reg. § 1.482-1(b)(2)(i). A new paragraph added to Treas. Reg. § 1.482-7(a)(3) provided that there is an arm's length result "if, and only if," the controlled participants share costs in proportion to their shares of reasonably anticipated benefits. These coordinating amendments, however, do not change the applicability of this Court's holding in *Xilinx* because they do not change the governing rules of law in section 482.

The *Altera* panel majority repeatedly discusses whether the Commissioner

was required to consider comparability analysis. That, however, is not the issue. The issue is whether the Commissioner can require a result that differs from what uncontrolled parties actually do at arm's length. The law of this Court, as established in *Xilinx*, is that such a requirement is inconsistent with the purpose of section 482.

The coordinating amendments merely state that the requirement to include SBC costs in cost sharing agreements produces (by administrative fiat) an arm's length result. In other words, the regulations make exactly the same assertion that the Commissioner made throughout the *Xilinx* litigation. The assertion is no truer now than it was when the *Xilinx* panel rejected it.

## IV. THE LAW SET FORTH IN *XILINX* APPLIES DESPITE THE DIFFERENCE IN THE ULTIMATE ISSUE BEING RESOLVED.

Although not all of the issues in *Xilinx* and *Altera* are identical, the underlying issue in both *Xilinx* and *Altera* is whether a regulation can require sharing of SBC costs even though uncontrolled parties do not do so. *Xilinx* resolved that issue, and the reasoning behind that resolution should apply in *Altera*. *See Miranda B.*, 328 F.3d at 1186.

Furthermore, issues decided in a prior case "need not be identical in order [for the ruling] to be controlling." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). In *Miller*, this Court held that if the reasoning of a Supreme Court opinion is irreconcilable with a precedent of this Court, this Court must

follow the Supreme Court's reasoning, even when the Supreme Court's opinion decides an issue that is technically distinguishable from the issue confronting this Court. Similarly, although *Xilinx* resolved a conflict between two regulations and *Altera* involves the validity of a regulation promulgated by the Commissioner, the *Altera* panel should have treated the reasoning of the *Xilinx* panel as precedent and should not have issued a judgment that is irreconcilable with this Court's reasoning in *Xilinx*.

## V. THE 2003 COST-SHARING REGULATIONS CONFLICT WITH THE PURPOSE OF SECTION 482, AS CONSTRUED IN *XILINX*, AND THEREFORE MUST BE INVALIDATED.

A regulation must be invalidated if its promulgation is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An agency's interpretation of a statute is arbitrary and capricious if it is "unmoored from the purposes and concerns" of the underlying statutory regime. *Judulang v. Holder*, 565 U.S. 42, 64 (2011). The Commissioner's authority to promulgate cost-sharing regulations is thus constrained by the purposes and concerns of section 482, which this Court construed in Xilinx. Section 482 did not change between 1995 and 2003, so its purpose as construed in *Xilinx* must continue to be its purpose as construed in *Altera*. The Xilinx panel held that under the arm's-length standard, "costs that uncontrolled parties would not share need not be shared," and "[i]f the standard of arm's length is trumped . . . the purpose of the

statute is frustrated." 598 F.3d at 1196.

The uncontroverted facts in *Altera*, as in *Xilinx*, show that uncontrolled parties do not share SBC costs; therefore, a regulation requiring the sharing of such costs conflicts with the arm's-length standard, and because such a regulation conflicts with the arm's-length standard it frustrates the purpose of section 482. In mandating the sharing of SBC costs just as the 1995 regulations did, the 2003 amendments conflict with the arm's-length standard, are contrary to the purpose of section 482, are arbitrary and capricious, and must be invalidated.

## CONCLUSION

For these reasons, the Court should grant the petition for rehearing en banc and apply the law of the Circuit as established in *Xilinx*.

## CERTIFICATE OF COMPLIANCE

I certify that the attached brief is proportionally spaced, has a typeface of 14 points or more, and contains 2,235 words (based on the word processing system used to prepare the brief).

Dated: July 31, 2019

Respectfully submitted,

By: s/ Larissa B. Neumann

Larissa B. Neumann
Adam R. Gahtan
Michael D. Knobler
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8520

Counsel for *Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on July 31, 2019.

I certify that all participants in the case are registered CM/ECF users and that the service will be accomplished by the appellate CM/ECF system, with the exception of the participant listed below, whom we will serve by U.S. mail.

Robert R. Di Trolio
Clerk, U.S. Tax Court
400 Second Street, N.W.
Washington, DC 20217

July 31, 2019

Respectfully submitted,

By: /s/ Larissa B. Neumann

Larissa B. Neumann
Adam R. Gahtan
Michael D. Knobler
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8520

Counsel for *Amicus Curiae*